UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-CV-00006-FDW

| | |
|---|---|
| MONICA D. STRAITE, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| NANCY A. BERRYHILL, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion for Summary Judgment (Doc. No. 11) and Defendant's Motion for Summary Judgment (Doc. No. 13). Plaintiff, through counsel, seeks judicial review of an unfavorable administrative decision on her application for disability benefits under 42 U.S.C. § 405 (g). This matter is now ripe for review. For the reasons that follow, the Court DENIES Plaintiff's Motion for Summary Judgment, GRANTS Defendant's Motion for Summary Judgment, and AFFIRMS the Commissioner's decision.

## II. BACKGROUND

The procedural history is not in dispute. Plaintiff, Monica D. Straite, filed an application for Supplemental Security Income Benefits on July 11, 2012. (Tr. 153). Her application was denied initially and upon reconsideration. (Tr. 11). Plaintiff timely requested a hearing, which an Administrative Law Judge ("ALJ") conducted on August 11, 2014. (Tr. 29). On October 23, 2014, the ALJ issued a finding that Plaintiff was not disabled. (Tr. 8). Specifically, the ALJ determined Plaintiff had not engaged in substantial gainful activity since July 11, 2012, and that she had the following severe impairments: obesity, mood disorder, chronic abdominal pain from IBS and abdominal adhesions, pelvic floor pain, and urge incontinence. (Tr. 13). The ALJ reviewed the listed impairments and found that none of the conditions, standing alone or in

1

combination, met the requirements for any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 14).

The ALJ found Plaintiff's residual functional capacity ("RFC") would allow her to perform light work,

> Except that she should have a sit/stand option allowing her to change positions at a one hour interval. She can occasionally climb ladders and can frequently climb stairs, balance, stoop, crouch, kneel, and crawl. She should have no concentrated exposure to hazards such as moving machinery or unprotected heights. She is further limited to unskilled work in a work setting with close proximity to a bathroom.

(Tr. 15). While these restrictions precluded Plaintiff from resuming her past relevant work, the ALJ found there were other jobs that existed in the national economy in significant numbers that Plaintiff could perform, taking into consideration her age, education, work experience, and RFC. (Tr. 21). Accordingly, the ALJ ruled that Plaintiff was not disabled. (Tr. 22).

The Appeals Council subsequently denied Plaintiff's request for review on November 5, 2015. (Tr. 1). Plaintiff then timely filed the present action on January 5, 2016, (Doc. No. 1), and the parties' Motions for Summary Judgment are now ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g), limits this Court's review of the Commissioner's final decision to (1) whether substantial evidence supports the Commissioner's decision and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). This Court does not review a final decision of the Commissioner *de novo*. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano,

599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). Thus, this Court "'must uphold the factual findings of the [ALJ] if they are supported by substantial evidence and were reached through application of the correct legal standard.'" Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (quoting Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001).).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, the Fourth Circuit has defined "substantial evidence" as:

> Substantial evidence has been defined as "more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence . . . .")

The Fourth Circuit has long emphasized that a reviewing court does not weigh the evidence again, nor substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith v. Schweiker, 795 F.2d at 345. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the Commissioner's final decision, the decision should be affirmed. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982). The ALJ, and not the Court, has the ultimate responsibility for weighing the evidence and resolving any conflicts. Hays, 907 F.2d at 1456.

# III. ANALYSIS

Under the Social Security Act, there is a five-step sequential process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a)(1). Step one is to determine whether the claimant is engaged in substantial gainful activity; if claimant is engaged in substantial gainful activity, they will be found not disabled. Id. § 404.1520(a)(4)(i). Step two is to determine whether the claimant has a severe medically determinable physical or mental impairment or a combination of impairments that is severe and meets the duration requirement. Id. § 404.1520(a)(4)(ii). At step three, if the claimant's impairment or combination of impairments meets or medically equals one of the listings in 20 C.F.R. Part 404, Subpart P, Appendix 1, then the claimant will be found disabled. Id. § 404.1520(a)(4)(iii). Step four is to determine whether the claimant has the residual functional capacity ("RFC") to perform the requirements of his past relevant work. Id. § 404.1520(a)(4)(iv). Lastly, step five is to consider whether the claimant is able to make an adjustment to other work, considering claimant's RFC, age, education, and work experience. Id. § 404.1520(a)(4)(v). While the claimant bears the burden of production and proof during the first four steps, the burden shifts to the Commissioner at step five to show that other work is available in the national economy which the claimant could perform. Pass v. Charter, 65 F.3d 1200, 1203 (4th Cir. 1995).

In this case, at step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity after July 11, 2012. (Tr. 13). At step two, the ALJ found that Plaintiff had the following severe impairments: obesity, mood disorder, chronic abdominal floor pain, and urge incontinence. (Tr. 13). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listing. (Tr. 14-15). The ALJ then found that Plaintiff had the RFC to perform light work, except that she was limited

4

to: work allowing her to alternate between sitting and standing at one hour intervals; occasional ladder climbing; frequent stair climbing; frequent balancing, stooping, crouching, kneeling, and crawling; no concentrated exposure to hazards in the workplace; unskilled work; and a work setting in close proximity to a bathroom. (Tr. 15-21). At step four the ALJ concluded that Plaintiff could no longer perform her past relevant work. (Tr. 21). Finally, at step five, the ALJ found that based on Plaintiff's age, education, work experience, and residual functional capacity, as well as testimony from a vocational expert, Plaintiff could perform jobs existing in significant numbers in the national economy and therefore was not disabled. (Tr. 21-22).

On appeal to this Court, Plaintiff presents the following assignments of error, arguing that: (1) the ALJ erred in assessing her mental RFC by failing to conduct a complete function-by-function analysis; (2) the ALJ erred by failing to include a finding in the RFC that Plaintiff requires a special chair; and (3) the ALJ erred by failing to explain why limitations contained in medical opinions given substantial weight were not included in the RFC findings. (Doc. No. 12, p. 4-19). The following discussion will explain why the Court disagrees with Plaintiff's arguments.

**A. Function-by-Function Analysis**

At step four of disability determination, the ALJ assesses the claimant's RFC, or what a claimant can still do, factoring in "all of [the claimant's] medically determinable impairments of which [the ALJ] is aware." 20 C.F.R. § 416.945(a)(2). Prior to making an RFC determination, the ALJ is required to identify functional limitations and restrictions that result from an individual's medically determinable abilities and assess the individual's abilities on a function-by-function basis. SSR 96-8p.

Here, Plaintiff contends that the ALJ erred by failing to provide a complete function-by-function analysis in the RFC discussion of Plaintiff's work-related limitations. Specifically, Plaintiff argues that the ALJ's determination lacks analysis regarding Plaintiff's ability to: (1) follow simple instructions, (2) exercise judgment, (3) respond appropriately to work supervisors and co-workers, and (4) deal with changes in a routine work setting. (Doc. No. 12, p. 7). Plaintiff's argument fails, however, because this Court finds that the ALJ's determination, despite lacking an explicit function-by-function analysis, does in fact provide the evaluation that Plaintiff claims is lacking. (Tr. 14-21).

While the Fourth Circuit in Mascio v. Colvin remanded the case because the ALJ did not conduct a function-by-function analysis of the plaintiff's moderate mental limitations, the Court explicitly rejected a per se rule requiring remand in the absence of a function-by-function analysis. Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015). Instead, the Court stated that a function-by-function analysis is not necessary if remand would prove futile in cases where the ALJ does not discuss functions that are irrelevant or uncontested. Id. (internal citations omitted). Additionally, the Court, echoing the Second Circuit, stated that when an ALJ does not perform an explicit function-by-function analysis, remand may be appropriate where "inadequacies in the ALJ's analysis frustrate meaningful review." Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015) (citing Cichocki v. Astrue, 729 F.3d 172, 177 (2nd Cir. 2013)). Unlike Mascio, here the ALJ did provide such adequate analysis.

First, in regards to Plaintiff's ability to follow simple instructions, the ALJ specifically discussed, amongst other things, Plaintiff's mental examination by M. Patricia Hogan, PhD. (Tr. 19). This mental status examination revealed that Plaintiff was able to follow spoken directions

and maintain good eye contact. (Tr. 19). Notably, Dr. Hogan stated that Plaintiff was able to "understand, retain, and follow instructions in the interview, and attend to tasks." (Tr. 20).

Second, Plaintiff presented no evidence, and the ALJ found no evidence, of significant limitations in Plaintiff's ability to exercise judgment. Accordingly, this function is "irrelevant and uncontested" and was appropriately not considered in the ALJ's residual functional capacity findings. See Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015).

Next, regarding Plaintiff's ability to interact with others in the workplace, Plaintiff asserts that because the ALJ found mild difficulties with social interactions he should have discussed it in the RFC findings. Plaintiff relies on this Court's ruling that where an ALJ determines a claimant suffers from "mild" or "moderate" limitations in social interactions, such limitations must be accounted for in the RFC or their absence must be explained. Ashcraft v. Colvin, No. 3:13-CV-00417-RLV-DCK 2015 WL 9304561, at *9 (W.D.N.C. Dec. 21, 2015). Plaintiff's argument fails because the ALJ did explain the absence. Supporting his conclusion that no such limitation existed, the ALJ cited Plaintiff's psychological examination with Dr. Hogan where Plaintiff, "did not report difficulty getting along with others in a work setting." (Tr. 20). Additionally, the ALJ referenced an examination conducted by Dr. Wax who assessed no social limitations in his evaluation. (Tr. 15). The ALJ also acknowledged the State Agency's finding that Plaintiff had moderate limitations in social functioning but then explained that he gave little weight to this finding due to a lack of evidence. (Tr. 15). Accordingly, the ALJ gave this function thoughtful consideration, and his ultimate conclusion was supported by substantial evidence.

Finally, Plaintiff argues that the ALJ failed to determine or discuss Plaintiff's ability to stay on task due to moderate difficulties with concentration, persistence, or pace. (Doc. No. 12, p. 12). The Court again disagrees. The ALJ, more than once, considered Plaintiff's ability to concentrate and stay on task. The ALJ discussed an examination by Dr. Hogan, which pointed out that Plaintiff was able to perform calculations in her head and that her "concentration was intact for six digits forward and four digits backward." (Tr. 15). Dr. Hogan further concluded that Plaintiff "did not have difficulty with attention or concentration during the interview other than a slight problem with recall." (Tr. 15). The ALJ again considered Plaintiff's ability to stay on task when he discussed and subsequently rejected the opinions of Dr. Angela Schang and Jenny Poston, Ph.D. (Tr. 19-21). Dr. Schang opined that Plaintiff would be off task 20% of the day. (Tr. 19). The ALJ rejected this opinion, noting that Dr. Schang's treatment notes routinely lacked physical examination and her findings were not supported by evidence. (Tr. 19). Similarly, Dr. Poston stated that Plaintiff would be off task 25% or more of the day due to pain. (Tr. 21). The ALJ again explained why he gave very little weight to this opinion, stating, "Dr. Poston is not medically qualified to assess claimant's pain, and it is telling that she did not attribute her concentration difficulties to her depression." (Tr. 21).

Due to the above evidence considered and reviewed by the ALJ, substantial evidence in the record supports the ALJ's decision. This Court sees no reason to remand based on a failure to conduct a function-by-function analysis.

**B. The ALJ did not err by failing to include a finding in the RFC that Plaintiff requires a special chair.**

Plaintiff argues that given her morbid obesity and the inclusion of a sit/stand option at one hour intervals in her RFC, the ALJ erred by failing to include in the RFC a finding that she require the special accommodation of a bariatric chair. (Doc. No. 12, p. 13). She cites a Department of Labor website, claiming that special chairs are required for individuals weighing over 300 pounds. (Doc. No. 12, p. 13-14). The website, however, simply states that "large-rated chairs are typically made to support individuals who are over 300 pounds."[1] Furthermore, this website is not binding authority. It is also worth noting that nothing in the records suggests that Plaintiff requires a special chair. The Court, therefore, finds this argument has no merit.

Plaintiff's following argument is less coherent. She contends that because the ALJ included a sit/stand option in her RFC, the ALJ implicitly took the possibility of "reasonable accommodation" into account in his disability determination, which is improper under SSR 00-1c. Plaintiff argues, therefore, that this sit/stand option necessitates a finding of "disabled." (Doc. No. 12, p. 14). The Court finds Plaintiff's argument specious. Consistent with the Supreme Court's ruling in <u>Cleveland v. Policy Management Systems Corp</u>., 526 U.S. 795 (1999), SSR 00-1c merely underscores that a person who files for disability under the Social Security Act is not precluded from also pursuing relief under the Americans with Disabilities Act. It does not state that anyone who requires an accommodation is disabled. Furthermore, as mentioned above, nothing in the record suggests that Plaintiff even requires a special chair. Accordingly, the Court rejects Plaintiff's argument.

**C. The ALJ did not err by failing to explain why limitations contained in medical opinions he gave substantial weight were not included in the RFC findings.**

---

[1] The website referenced here is available at https://askjan.org/cgi-win/OrgQuery.exe?Cha40.

Plaintiff's final contention is that the ALJ erred by failing to include in his determination Dr. Wax's discussion of Plaintiff's limitations, despite giving substantial weight to Dr. Wax's opinions. (Doc. No. 12, p. 14-15). Again, this Court finds no error with the ALJ's determination. While the ALJ did not explicitly address each of Dr. Wax's opinions regarding Plaintiff's limitations, the ALJ implicitly resolved any inconsistency by analyzing all evidence and relying on Dr. Wax's ultimate conclusion, that Plaintiff could perform unskilled work.

Consequently, the Court finds that the ALJ properly evaluated Dr. Wax's medical opinions, and the RFC determination is supported by substantial evidence.

## IV. CONCLUSION

IT IS, THEREFORE ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 11) is DENIED, Defendant's Motion for Summary Judgment (Doc. No. 13) is GRANTED, and the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

Signed: September 13, 2017

Frank D. Whitney
Chief United States District Judge